IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jomoko T. Graves,                          Case No. 3:03CV7763

        Plaintiff

    v.                                                   ORDER

Jesse J. Williams,

        Defendant

      This is a habeas corpus case in which the petitioner has filed objections to a Report and Recommendation of the United States Magistrate Judge recommending that the petition be denied.

      For the reasons that follow, the objections to the Report and Recommendation shall, following *de novo* review, be overruled. An order denying the petition shall be entered accordingly.

      Petitioner's first ground for relief claim is that evidence was obtained through an illegal search and seizure. I agree with the United States Magistrate Judge that the petitioner had an adequate opportunity for a full and fair hearing on this claim in the state courts. Thus, it is not cognizable in this court under *Kuhlmann v. Wilson,* 477 U.S. 436 (1986) and *Stone v. Powell,* 428 U.S. 465, 494 (1976)

      The petitioner's second challenge is to the trial court's ruling, which was affirmed on appeal, regarding a *Batson* claim. I agree with the Magistrate Judge that the state courts properly considered and rejected this claim. The state courts' decisions were neither contrary to nor involved an unreasonable application of established federal law regarding such claims.

Petitioner's third ground for relief is that his trial attorney provided ineffective assistance of counsel, in that, according to the petitioner, his attorney failed to: investigate and present mitigating evidence or otherwise address the prior arrest record of a police informant and the relationship between the informant and a police officer.

Petitioner presented a defense of entrapment.

Federal habeas review of petitioner's claim is limited to a determination as to whether the state court's adjudication of his claims resulted in a decision that either involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *E.g.*, *Williams v. Taylor,* 529 U.S. 362 (2000).

The Magistrate Judge specifically acknowledged the district court's limited scope of review and correctly concluded that the state court rulings were neither "contrary to" nor an "unreasonable application of" federal law. It is likewise apparent that the state courts' rulings did not constitute an unreasonable determination of the facts in light of the evidence.

Petitioner's fourth ground for relief contends that his sentence was unlawfully enhanced by the trial court based on findings that are reserved to a jury, rather than a judge. This contention, as the Magistrate Judge noted, is belied by the record, which shows that it was the **jury** which made the requisite findings, which enhanced the petitioner's sentence, that he was a major drug offender. There was, accordingly, no *"Apprendi"* violation.

In light of the foregoing it is,

ORDERED THAT:

1. The petitioner's objections to the Report and Recommendation of the United States Magistrate Judge be, and the same hereby are overruled;

2. The Report and Recommendation be, and the same is hereby adopted; and

3. The petition for habeas corpus relief be, and the same hereby is denied.

Pursuant to 28 U.S.C. 1915(a)((3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. 2253(c); Fed. R. App. P. 22(b).

So ordered.

s/James G. Carr
James G. Carr
Chief Judge